## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARLEM GLOBETROTTERS INTERNATIONAL, INC.,<br>157 Technology Parkway, Suite 100<br>Peachtree Corners, GA 30092,<br><br>       Plaintiff,<br><br>   v.<br><br>U.S. SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>and<br><br>ISABEL CASILLAS GUZMAN, in her official capacity as Administrator of the U.S. Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>       Defendants. | Civil Action No: 1:24-cv-01164 |

## COMPLAINT

Plaintiff, Harlem Globetrotters International, Inc., ("HGI"), by and through counsel, alleges and states as follows:

### INTRODUCTION

1.    "Bureaucracy is the death of all sound work." - Albert Einstein. For the past three years, HGI has been mired by SBA's bureaucratic mistakes. HGI has timely and diligently sought funding to which it is entitled, has taken the best course of action at each decision point, and expediently completed all required tasks through the entire process. Yet, HGI remains in bureaucratic hell, unable to receive money that all parties agree to which it is entitled. Accordingly, HGI now seeks emergency federal financial assistance unlawfully withheld by

Defendants U.S. Small Business Administration ("SBA") and its Administrator, Isabel Casillas Guzman.

2.      The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, created the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. After several internal delays, the SVOG program began accepting applications on April 26, 2021.

3.      On April 26, 2021, HGI applied for an SVOG award of $10 million. SBA denied both HGI's original application and subsequent appeal in a conclusory manner, failing to provide a reason for either denial.

4.      After months of communications—and a lawsuit in this very Court—SBA eventually remitted and approved HGI's original application for an SVOG award. On December 7, 2022, HGI executed a Form-1222 "Notice of Award" and corresponding addendum granting HGI an award of $10 million.

5.      On December 8, 2022, the Notice of Award was accepted on the SBA portal.

6.      On December 19, 2022, Congress passed the Consolidated Appropriations Act of 2023 (the "CAA") rescinding "unobligated funds" from the SVOG program, effective December 29, 2022. Pub. L. 117–328.

7.      On February 9, 2023, SBA informed HGI—for the first time--that it would no longer be receiving any award funds due to the passage of the CAA, because the funds were "unobligated."

8.      Based on government's filings and District Court decisions in related cases, HGI subsequently filed an action in the Court of Federal Claims on March 20, 2023, under the Tucker

Act, 28 U.S.C. § 1491. COFC Complaint at 1, *Harlem Globetrotters Int'l, Inc. v. United States*, No. 1:23-cv-00386-RAH (Fed. Cl. 2023).

9.      In the Court of Federal Claims, the court effectively recognized that SBA "screwed up" by failing to initially grant HGI initial SVOG funding. Transcript of Motion to Dismiss Hearing, 11:3-4, *Harlem Globetrotters Int'l, Inc. v. United States*, No. 1:23-cv-00386-RAH (Fed. Cl. 2023) ("[W]e're here today because the SBA screwed up.")

10.      During the Court of Federal Claims matter the SBA confirmed that its interpretation of "obligation" was not based on any regulation or statutory interpretation:

> [SBA Counsel]: [The SBA Representative] informs me that the funds were not considered obligated until successful transmission of these funds to the Joint Administrative Accounting Management System, and that that took several weeks to happen, and in the interim is when that law was passed revoking the unobligated funds.

> THE COURT: And is that -- is that by virtue of some regulation or some statutory requirement in Title 31 or – 18?

> [SBA Representative]: No, Your Honor . . .

*Id.*, at 35:9-20

11.      As a general principle, "[a] administrative award 'creates a new right' in the successful claimant, giving rise to new government liability."  *See Principles of Federal Appropriations Law*, OGC, https://www.gao.gov/assets/2019-11/687162.pdf (last visited April 22, 2024) at 143.

12.      GAO principles are clear that an "obligation" is a "definite commitment that creates a legal liability of the government for the payment of goods and services ordered or

received, or a legal duty . . . that could mature into a legal liability by virtue of actions on the part of the other party beyond the control of the United States." Government Accountability Office, *A Glossary of Terms Used in the Federal Budget Process 70* (GAO–05–734SP, 2005).

13.     The Court of Federal Claims recognized that "once the notice of award is made, the Government is on the hook for it, and it may present a viable APA claim." Transcript of Motion to Dismiss Hearing, 47:11-13, *Harlem Globetrotters Int'l, Inc. v. United States*, No. 1:23-cv-00386-RAH (Fed. Cl. 2023).[1]

14.     HGI has done everything required to apply for and receive the $10 million to which it is entitled under the SVOG Program. It is being punished for SBA's failure to timely mark the Notice of Award as "obligated."

15.     The Government's refusal to distribute the award to HGI is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

16.     SBA's decision to incorrectly apply the then not yet in effect CAA is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. HGI therefore now seeks relief from this Court.

17.     Moreover, HGI detrimentally relied upon SBA's initial Notice of Award by spending at least $10 million on business expenses including: payroll costs, rent payments, utility payments, and debt payments.

## JURISDICTION AND VENUE

18.     This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202.

---

[1] However, the Court of Federal Claims held that it could not resolve this matter because the Court of Federal Claims did not have jurisdiction over the matter under the Tucker Act. *Harlem Globetrotters Int'l, Inc. v. United States*, No. 1:23-cv-00386-RAH, at 1 (Fed. Cl. 2023).

19.     This Court recognizes a strong presumption favoring judicial review of administrative action.

20.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

21.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

22.     SBA is an "agency" whose final actions are reviewable under the APA.

23.     SBA's decision to withhold funds from HGI due to the passage of the CAA, is a "final agency action."

24.     HGI has exhausted all administrative remedies.

25.     After dismissal of the matter for lack of jurisdiction in the Court of Federal Claims, "there is no other adequate remedy in a court." *See Harlem Globetrotters Int'l, Inc. v. United States*, No. 1:23-cv-00386-RAH (Fed. Cl. 2023).

26.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

27.     This Court has jurisdiction over all promissory estoppel claims pursuant to 28 U.S.C. § 1331.

28.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1).

## PARTIES

29.     Plaintiff HGI owns and operates the Harlem Globetrotters, a live entertainment performance group that performs in over 400 events each year. Founded in 1926, the group has

earned its "World-Famous" title by performing for over 100 million fans spread across every U.S. state and over 100 countries worldwide. HGI's Harlem Globetrotters utilize live performers to create an immersive game-like experience, while adhering to a carefully organized script that accommodates guests of all ages. Additionally, the Harlem Globetrotters' performance carries a profound historical impact, particularly surrounding the integration of Black athletes into competitive sports. The team champions the abilities of Black athletes and embodies the rich culture of the Harlem Renaissance by embracing cultural and racial diversity and inclusion domestically and around the globe.

30.     Defendant SBA is an independent agency of the federal government. SBA's mission is to help Americans start, build, and grow businesses.

31.     Defendant Isabel Casillas Guzman is the administrator of SBA and oversees its operations. Administrator Guzman is sued in her official capacity.

## BACKGROUND

### A.  Shuttered Venue Operators Grant Program

32.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, provided an additional $1.3 billion for SVOG awards. Pub. L. No. 117-2 §5005(a).

33.     SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments. 15 U.S.C. § 9009a(d)(1)(A)(i). An eligible entity may receive an SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019, up to a maximum award of $10 million. 15 U.S.C. § 9009a(c).

34.     To qualify for an SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).

35.     HGI meets all the requirements to receive SVOG funding. To this day, SBA does not, and cannot, deny this fact.

**B. HGI Applies for SVOG Funding**

36.     Although the Act was signed on December 27, 2020, due to internal delays, SBA only began accepting SVOG applications on April 26, 2021.

37.     On that very day, HGI submitted its SVOG application for $10 million.

38.     HGI spent considerable time and effort preparing its application. The documents that HGI submitted to SBA in its initial application included: quarterly profit and loss summaries; box office reports reflecting ticket sales; contracts with live performing athletes and live performing supporting cast members (Globie the mascot, a master of ceremonies, and other fictional characters); employee records and contractor agreements reflecting engagement of a sound engineer, booker and promoter; marketing materials including links depicting ticket sale durations and various promotions; graphics demonstrating the venue floor plans, technical rider plans, venue advance checklists, license and rental agreements, sound mixing equipment, public address system, and lighting rig; full show scripts; and other documentation.

39.     On July 6, 2021, HGI learned from the SBA's online portal that its initial application was denied. SBA's online portal gave no explanation for SBA's notice of denial.

40.     On August 13, 2021, after instruction from an SBA informational session, HGI submitted an appeal of the notice of denial to SBA.

41.     On November 2, 2021, SBA conclusory notified HGI that this appeal was also denied.

**C. HGI Files in This District Court Seeking Relief and SBA Agrees**

42.     On June 10, 2022, HGI timely filed a Complaint in this Court seeking relief under the APA. District Court Complaint, at 1, *Harlem Globetrotters International, Inc. v SBA*, No. 1:22-cv-01679 (D.D.C. 2023).

43.     In its complaint, HGI noted that SBA granted the SVOG application of at least four similarly situated live performing arts organization operators that each deliver immersive experiences within their respective theatrical capacities: (1) Circus Arts Conservatory, Inc. (operating a circus), (2) Candlelight Dinner Playhouse, LLC, (operating a theater), (3) Black Fedora Comedy Mystery Theatre, LLC, (operating comedy murder mystery show), and (4) FELD Entertainment, Inc., (operating a variety of shows, including Disney on Ice and Monster Jam).

44.     Each of these similarly situated businesses operate in either the same or closely proximate venues as HGI, competing for the same venue space and potential consumers. SBA granted SVOG awards to all four of the similarly situated live performing arts organization operators, each accessible on the SBA's website. *See* awards-as-of-5-23-22.xlsx (live.com).

45.     SBA eventually accepted HGI's application for $10 million and issued a Form-1222 "Notice of Award" to HGI on December 1, 2022.

46.     On December 7, 2022, HGI returned a signed and executed Notice of Award and corresponding addendum granting HGI an award of $10,000,000.

47.     On December 8, 2022, the SBA online portal indicated that the corresponding action item was completed.

8

48.     The Notice of Award states that its purpose is to "notify grant recipients of award reporting and record keeping requirements." The addendum to Notice of the Award states that "After further review of this Funding Request, the Agency has rescinded its Denial Decision and approves this Award."

49.     The addendum to the Notice of Award states that HGI is "required to initial and sign Program Assurances prior to [its] initial disbursement."

50.     HGI completed and submitted all necessary documentation needed by December 27, 2022. This was confirmed in a voicemail by an SBA representative stating that SBA is "getting things together to get these disbursements out" and "as far as he knows there are not any issues" as HGI had provided all necessary information before the end of the calendar year.

51.     On December 26, 2022, on reliance of SBA's Notice of Award, HGI began its tour for the 2022 to 2023 season. HGI anticipated using the awarded $10 million for at least the following expenses: payroll costs, rent payments, utility payments, and debt payments.

52.     As of December 27, 2022, SBA's portal confirmed that there were no remaining issues with HGI's application.

**D. SBA Concedes Award to HGI But Refuses to Distribute Funds**

53.     On February 9, 2023, the Government informed HGI—for the first time and contrary to previous communications—that in its view, it could not distribute the $10 million it had already awarded HGI due to the Consolidated Appropriations Act of 2023.

54.     The CAA states that it became effective December 29, 2022. *Id.* Thus, it should not have even been applied to the current matter.

55.     Moreover, the CAA, states that "[o]f the **unobligated** balances of amounts made available under the heading 'Small Business Administration—Shuttered Venue Operators', for

carrying out section 324 of division N of the Consolidated Appropriations Act, 2021 (15 U.S.C. 9009a), $459,000,000 are hereby rescinded." (emphasis added). Pub. L. 117–328 §101 (d)(2).

56.     The Form-1222 Notice of Award is an "obligation." An "obligation" is "a legal duty … that could mature into a legal liability by virtue of actions on the part of the other party beyond the control of the United States." *Maine Cmty Health Options v. United States.*, 590 U.S. 296 (2020) (*citing* U.S. Gen. Accounting Office, GAO: A Glossary of Terms Used in the Federal Budget Process 70 (GAO–05–734SP, 2005)). A Notice of Award is the "official, legally binding issuance of the award." *See* Grants 101, Notice of Award (March 9, 2023), *available at* https://www.grants.gov/web/grants/learn-grants/grants-101/award-phase.html.

57.     At the time of its determination, SBA has already admitted it does not have a statutory or regulatory basis for its definition of "obligation." *See supra* ¶¶ 10-11. Any statutory or regulatory citation henceforth from SBA would be a *post hoc* rationalization for its already arbitrary and capricious actions.

**E.  HGI's Jurisdictional Ping Pong**

58.     After SBA informed HGI on February 9, 2023, that it would not honor its Notice of Award, HGI voluntarily dismissed its complaint in District Court on March 13, 2023, without prejudice.

59.     HGI's decision was partially based on a sister court's ruling in *Imaginarium v. U.S. Small Bus. Admin. et al.*, Case 2:21-cv-00752-TS-DBP, (D. Utah 2022). On August 1, 2022, the District of Utah ruled that it did not have jurisdiction to hear claims by a potential SVOG recipient because "Section 704 of the APA waives sovereign immunity for challenges to agency action, but only when 'there is no other adequate remedy in a court.'" *Id,* at 7.

60.     Because there was an adequate remedy in another court, the District of Utah transferred "those claims to the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), which waives the government's immunity exclusively in the Court of Federal Claims for claims arising from 'any express or implied contract with the United States.'" *Id.*

61.     HGI had a signed and executed Notice of Award and after being informed by the SBA that it was going to receive a SVOG award, voluntarily dismissed its claim in this Court without prejudice and subsequently filed an action in the Court of Federal Claims on March 20, 2023, under the Tucker Act, 28 U.S.C. § 1491.

62.     It its Complaint in the Court of Federal Claims, HGI alleged that the signed and executed Notice of Award was a contract under the jurisdiction of the Tucker Act. COFC Complaint at 1, *Harlem Globetrotters Int'l, Inc. v. United States*, No. 1:23-cv-00386-RAH (Fed. Cl. 2023).

63.     However, the Court of Federal Claims held that the Notice of Award was not a contract and that this matter was in fact an APA matter:

> So it's not that parties have no -- have no remedy. It just depends on the forum in which they can seek the remedy. If it's a contract -- if it's a grant that produces a contract, they come here . . . If it's a grant that is noncontractual, you can go to District Court under the APA.

Transcript of Motion to Dismiss Hearing, 20:2-7, *Harlem Globetrotters Int'l, Inc. v. United States*, No. 1:23-cv-00386-RAH (Fed. Cl. 2023).

64.     After prolonged deliberation, the Court of Federal Claims ruled that the SVOG Notice of Award constituted a grant rather than a contract. *Harlem Globetrotters Int'l, Inc. v. United States*, No. 1:23-cv-00386-RAH, at 1 (Fed. Cl. 2023).

65. HGI now files this complaint back again in this Court seeking to escape this bureaucratic nightmare.

66. This Court's recent decision in *Sokol* confirms that this is the correct venue and jurisdiction to hear this matter. *Sokol World Ent., Inc. v. Small Bus. Admin.*, No. 1:21-cv-02385-TSC, 2022 WL 4547540, at *1 (D.D.C. 2022) (granting Sokol's Motion for Summary Judgment to receive SVOG funding).

67. Since the moment of inception of the SVOG program more than three years ago, HGI has shown eligibility and need for funding. It has diligently and expediently performed all required tasks to receive funding. It now seeks relief from this Court for money that is owed to it.

### COUNT I (AGAINST ALL DEFENDANTS): SBA'S DENIAL OF HGI ACCESS TO SVOG FUNDS IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND NOT IN ACCORDANCE WITH THE LAW.

68. HGI repeats and incorporates by reference the allegations contained in the preceding paragraphs.

69. An agency action is "arbitrary and capricious" if the agency has relied on factors that Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. 5 U.S.C. § 706(2).

70. The record does not show that SBA provided a reasonable justification for this disparate treatment of HGI.

71. SBA admits that HGI qualifies for an SVOG grant by its issuance of a Notice of Award.

72.     By refusing to distribute SVOG funds to HGI, SBA's actions are contrary to the SVOG program and arbitrary and capricious.

**COUNT II: SBA'S DECISION TO WITHOLD  FUNDS BASED ON THE CAA IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND NOT IN ACCORDANCE WITH THE LAW.**

73.     HGI repeats and incorporates by reference the allegations contained in the preceding paragraphs.

74.     A basic requirement of administrative law is that an agency must provide the reasons for its decision. However, SBA gave no formal reason for denying funds pursuant to HGI's Notice of Award, only claiming that the CAA prevented distribution of unobligated funds.

75.     SBA has admitted that HGI completed and submitted all necessary documentation to receive funds pursuant to a Notice of Award by December 27, 2022.

76.     The CAA became effective December 29, 2022.

77.     SBA's decision to apply the CAA – which did not become effective until days after the executed Notice of Award - is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.

**COUNT III: SBA'S INTERPRETATION OF "OBLIGATION" IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND NOT IN ACCORDANCE WITH THE LAW.**

78.     HGI repeats and incorporates by reference the allegations contained in the preceding paragraphs.

79.     Even if the CAA were to apply (it does not), SBA actions are contrary to the CAA which only rescinds "unobligated" funds.

80.     SBA conceded on record that there is no statutory or regulatory reason for its decision to classify the Notice of Award as "unobligated."

81.     SBA gave no reason for its denial of funds other than the lack of availability of "unobligated funds." "A long line of precedent has established that an agency action is arbitrary

when the agency offered insufficient reasons for treating similar situations differently." *Transactive Corp. v. United States*, 91 F.3d 232, 237 (D.C. Cir. 1996).

82.     SBA arbitrarily and capriciously failed to mark funds as "obligated" to be distributed to HGI.

## COUNT IV: PROMISSORY ESTOPPEL

83.     HGI repeats and incorporates by reference the allegations contained in the preceding paragraphs.

84.     The SBA Notice of Award and subsequent actions is a clear and unambiguous promise by the SBA to pay HGI $10 million.

85.     HGI anticipated using the awarded $10 million for at least the following business expenses: payroll costs, rent payments, utility payments, and debt payments.

86.     HGI reasonably relied on Defendants' promise and this reliance was reasonable and foreseeable.

87.     HGI suffered injuries due to its reliance on the Defendants' promise.

## PRAYER FOR RELIEF

For the foregoing reasons, HGI respectfully requests that this Court:

1.     Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG award.

2.     Preliminarily and permanently order Defendants to award HGI $10 million.

3.     Preliminarily and permanently order Defendants to pay HGI additional damages based upon HGI's promissory estoppel claim.

4.      If SVOG funds are insufficient to cover the amount awarded, order Defendant to pay the awarded amount through the Judgment Fund, pursuant to 31 U.S.C. § 1304.

5.      Award Plaintiff its costs and reasonable attorney fees; and

6.      Grant such other and further relief as the Court deems just and proper.

Dated:  April 22, 2024                    Respectfully submitted,


/s/ Gunjan Talati
Gunjan Talati (DC Bar No. 976169)
KILPATRICK TOWNSEND & STOCKTON LLP
701 Pennsylvania Ave, Suite 200
Washington, DC 20004
gtalati@ktslaw.com
Telephone: (202) 481-9941